J-A07013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STACEY HANEY, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF HARLEY HANEY, A MINOR AND PAIGE HANEY, A MINOR, AND BETH VOYLES AND JOHN VOYLES, HUSBAND AND WIFE, ASHLEY VOYLES, INDIVIDUALLY, LOREN KISKADDEN, INDIVIDUALLY, GRACE KISKADDEN, INDIVIDUALLY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RANGE RESOURCES-APPALACHIA, INC., NEW DOMINON CONSTRUCTION, INC., TERRAFIX ENVIRONMENT TECHNOLOGY, INC., SKAPPS INDUSTRIES, INC., ENGINEERED SYNTHETIC PRODUCTS, INC., RED OAK WATER TRANSFER NE, LLC, MICROBAC LABORATORIES, INC., MULTI-CHEM GROUP, LLC, UNIVERSAL WELL SERVICES, INC., HALIBURTON ENERGY SERVICES, INC., SAXON DRILLING, L.P., HIGHLAND ENVIRONMENTAL, LLC, EAP INDUSTRIES, INC., AND TEST AMERICA, INC. | |
| APPEAL OF:  RANGE RESOURCES-APPALACHIA, INC. | |
| | No. 1130 WDA 2014 |

Appeal from the Order June 11, 2014
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2012-3534

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

CONCURRING MEMORANDUM BY LAZARUS, J.:          **FILED APRIL 14, 2015**

I concur, because like the majority, I believe that this appeal should

be quashed.  However, I reach this result for different reasons.

The majority concludes that Range Resources lacks standing to challenge the trial court's order. In general, "the core of the concept of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not aggrieved thereby and has no right to obtain a judicial resolution of his challenge." **Pa. Game Comm'n v. Dep't of Envtl. Res.**, 555 A.2d 812, 815 (Pa. 1989) (citations omitted).

Here, the trial court order directs Range Resources to:

> obtain from Aqua-Clear and any other manufacturer/supplier who is not a party to this action and raises objection to this Court's Order of November 4, 2013, the names of all Aqua-Clear, and any other manufacturer/supplier products used at or brought to the Yeager Drill Site, as well as every chemical and/or substance that is contained in each and every product manufactured by Aqua-Clear and any other manufacturer or supplier who objects to this Court's Order of November 4, 2013, including all information and chemicals/substances deemed to be proprietary by Aqua-Clear or any other manufacturers or suppliers subject to this Order.

Order, 6/11/14, at 1-2.

The majority is correct that the June 11, 2014 "order does not identify sanctions resulting from noncompliance." Memorandum, at 7 n.5. Nevertheless, this discovery order, which places significant obligations on Range Resources, may subject Range Resources to sanctions under Pa.R.C.P. 4019, in the event of noncompliance. Recognizing the broad nature of those potential sanctions, which include striking out pleadings, **see** Pa.R.C.P. 4019(c)(3), and imposing punishment for contempt, **see** Pa.R.C.P.

- 2 -

4019(c)(4), I believe that Range Resources has standing now to seek to establish that the trial court's order is appealable as a collateral order.

Pa.R.A.P. 313(b) defines collateral orders as follows:

(b)   Definition.   A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b).

Although I believe Range Resources has standing, I do not believe that it has met its burden of establishing that the order in question is a collateral order.   Here, the factual issues addressed by the discovery order are so enmeshed with the underlying causes of action that the order is not separable from the main cause of action.   *See* Pa.R.A.P. 313(b).   Secondly, the order does not meet the importance prong because it focuses on the rather standard issue that the party who caused a product to be used bears the burden of presenting evidence about that product.   *Id.*   Thirdly, if review is postponed the claim will not be irreparably lost, *id.*, because Range Resources or the manufacturers may seek a protective order under Pa.R.C.P. 4012(a)(9) to prevent the dissemination of trade secrets or confidential information.

Because the June 11, 2014 order is not a collateral order, it may not be appealed at this juncture.